IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WIRTGEN AMERICA, INC. ) | |
| ) | C.A. No. 17-770-RGA |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| CATERPILLAR INC. ) | |
| ) | |
| ) | |
| Defendant. ) | |

**SCHEDULING ORDER**

This  23  day of  July , 2021, the Court having waived an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.1(b), and the parties[1] having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on October 21, 2021.

2. <u>Joinder of Other Parties and Amendments of Pleadings.</u> All motions to join other parties and to amend or supplement the pleadings shall be filed on or before August 11, 2022.

3. <u>Discovery.</u>

   a. <u>Coordination of Fact Discovery.</u> Due to the overlap in the above-captioned case with *In the Matter of Certain Road Milling Machines and Components Thereof*, Investigation

---

[1] "Plaintiff(s)," as used herein, refers to a party that is asserting a patent claim or counterclaim. "Defendant(s)," as used herein, refers to a party accused of infringing a patent.

No. 337-TA-1067 (Int'l Trade Comm'n) ("the 1067 Investigation"), without the parties waiving any discovery rights under the Federal Rules of Civil Procedure or otherwise, it is ordered that all discovery produced or taken in the 1067 Investigation can be used as if produced or taken in the above-captioned case.

      b.      <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before February 9, 2023.

      c.      <u>Document Production.</u> Document production shall be substantially complete by October 13, 2022.

      d.      <u>Requests for Admission.</u> A maximum of 100 requests for admission are permitted for each side, excluding requests exclusively for document authentication purposes.

      e.      <u>Interrogatories.</u> A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

      f.      <u>Depositions.</u>

          i.      <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of 100 hours of taking testimony of fact witnesses by deposition upon oral examination.

          ii.      <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purposes of this provision.

      g.      <u>Discovery Matters and Disputes Relating to Protective Orders.</u> Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order,

the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

    h.    <u>Miscellaneous Discovery Matters.</u>

        i.    <u>ESI Disclosures.</u>

            1.    On or before January 13, 2022, the parties shall exchange Initial Disclosures pursuant to Paragraph 3 of the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") ("Delaware Default Standard").

            2.    On or before January 20, 2022, pursuant to Paragraph 5(b)

        of the Delaware Default Standard, the parties shall disclose ten (10) search terms that they plan to use per custodian.

    3. On or before January 27, 2022, pursuant to Paragraph 5(b) of the Delaware Default Standard, the parties shall disclose, absent a showing of good cause, no more ten (10) additional search terms that they request the opposing party use in its electronic search.

  ii. <u>Patent Disclosures.</u>

    1. On or before October 28, 2021, Plaintiffs shall specifically identify the accused products and asserted patent(s) Defendants allegedly infringe and produce the file history for each asserted patent.

    2. On or before November 10, 2021, Defendants shall produce to Plaintiffs the core technical documents related to the accused product(s).

    3. On or before December 2, 2021, Plaintiffs shall serve on Defendants an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

    4. On or before December 23, 2021, Defendants shall serve on Plaintiffs their initial invalidity contentions for each asserted claims, as well as the related invalidating references.

    5. Within forty-five (45) days of the Court's issuance of its Claim Construction order and by no later than March 2, 2023, Plaintiffs shall provide final infringement contentions.

    6. Within ninety (90) days of the Court's issuance of its Claim

Construction order and by no later than April 13, 2023, Defendants shall provide final invalidity contentions.

    iii.  No later than one hundred and twenty (120) days after CAT files its answer, the parties shall file a statement with the Court that identifies any other pending or completed litigation including IPRs involving one or more of the asserted patents. In this statement, Plaintiff should advise whether it expects to (1) amend the complaint to add additional patents and (2) institute any further litigation in this or other Districts within the next year. In this statement, Defendant should advise whether it expects to (1) amend the complaint to add additional patents and (2) institute any further litigation in this or other Districts within the next year. Finally, in this statement, the parties should indicate whether they expect to file challenges to the patents at issue in this case with the United States patent office and, if so, when.

    iv.  If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either (1) Plaintiffs shall provide the licenses and/or settlement agreements to Defendants no later than the time of the initial Rule 16(b) scheduling conference, or (2) if Plaintiffs requires a Court Order to make such disclosures, Plaintiffs shall file any necessary proposed orders no later than twenty-four hours before the initial Rule 16(b) scheduling conference. Plaintiffs shall represent in the scheduling order that it is complying or has complied with this requirement. All parties shall be prepared to discuss at the conference what their preliminary views of damages are.

 4. <u>Application to Court for Protective Order.</u> The parties will submit a proposed Protective Order on November 10, 2021 that is no less restrictive than that governing the ITC investigation captioned *In the Matter of Certain Road Milling Machines and Components Thereof*, Inv. No. 337-TA-1067. Should counsel be unable to reach an agreement on a proposed form of

order, counsel will follow the provisions of Paragraph 3(g) above.

      <u>Any proposed protective order will include the following paragraph:</u>

<u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    <u>Papers Filed Under Seal.</u> When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6.    <u>Courtesy Copies.</u> The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

7.    <u>Claim Construction Issue Identification.</u> On or before July 14, 2022, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare separate Joint Claim Construction Charts for each side's asserted patents to be filed no later than July 28, 2022. The Joint Claim Construction Charts, in Word format, shall be e-mailed simultaneously with filing to [rga_civil@ded.uscourts.gov](mailto:rga_civil@ded.uscourts.gov). The parties' Joint Claim Construction Charts should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those

portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Charts. In these joint submissions, the parties shall not provide argument.

8. <u>Claim Construction Briefing</u>[2]. Each side shall serve, but not file, its opening brief concerning its patents, not to exceed 5,000 words, on September 1, 2022. The parties shall serve, but not file, their answering briefs, not to exceed 7,500 words, on September 22, 2022. The parties shall serve, but not file, their reply briefs, not to exceed 5,000 words, on October 13, 2022. The parties shall serve, but not file, their sur-reply briefs, not to exceed 2,500 words on October 27, 2022. No later than November 17, 2022, the parties shall file Joint Claim Construction Briefs. The parties shall copy and paste their unfiled briefs into two briefs (one for each side's asserted patents), with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

    A. [TERM 1][3]

        1. Plaintiff's Opening Position
        2. Defendants' Answering Position
        3. Plaintiff's Reply Position

---

[2] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiffs should include with their opening brief one or more representative claims with the disputed terms italicized. Should Defendants want to add additional representative claims, Defendants may do so. The representative claims and the agreed-upon claim constructions do not count against word limits.

[3] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

    4.  Defendant's Sur-Reply Position

  B. [TERM 2]

    1.  Plaintiff's Opening Position
    2.  Defendants' Answering Position
    3.  Plaintiff's Reply Position
    4.  Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

  9. <u>Hearing on Claim Construction.</u> Beginning at 9:00 a.m. on January __3__, 2023, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which the answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Briefs are filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

  10. <u>Disclosure of Expert Testimony.</u>

    a. <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before April 27, 2023. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before May 25, 2023. Reply expert reports from the party with the initial burden of proof are due on or before June 22, 2023. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope

8

of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before August 10, 2023.

b. <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

11. <u>Case Dispositive Motions.</u> All case dispositive motions shall be served and filed on or before September 14, 2023.  All case dispositive motion answering briefs shall be served and filed on or before October 5, 2023.  All case dispositive motion reply briefs shall be served and filed on or before October 19, 2023.  No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

12. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. <u>Pretrial Conference.</u> On February 2, 2024, the Court will hold a Rule 16(e)(c) final

pretrial conference in Court with counsel beginning at 8:30 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. <u>Motions *in Limine*.</u> Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6:00 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

16. <u>Trial.</u> This matter is scheduled for a 5-day jury trial beginning at 9:30 a.m. on Feb. 12, 2024, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

17. <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution. This matter is referred to a magistrate judge to handle all discovery disputes including any that arise in connection with expert reports. The parties agree to hold a settlement conference with the magistrate judge by February 10, 2022.

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

**Appendix A**

| Event | Deadline |
|---|---|
| Plaintiff Files Amended Complaint | September 2, 2021 |
| Defendant Files Answer | October 14, 2021 |
| Rule (26)(a)(1) Disclosures | October 21, 2021 |
| Identification of Accused Products/Asserted Patents | October 28, 2021 |
| Core Technical Document Production | November 10, 2021 |
| Protective Order | November 10, 2021 |
| Initial Infringement Contentions | December 2, 2021 |
| Initial Invalidity Contentions | December 23, 2021 |
| Delaware Default Standard Para. 3 Disclosures | January 13, 2022 |
| Delaware Default Standard Para. 5(b) – Disclosure of Search Terms | January 20, 2022 |
| Delaware Default Standard Para. 5(b) – Disclosure of Requested Search Terms by Opposing Party | January 27, 2022 |
| Deadline to Hold Settlement Conference with Magistrate Judge | February 10, 2022 |
| Identification of Terms for Construction/Proposed Construction | July 14, 2022 |
| Joint Claim Construction Chart | July 28, 2022 |
| Joinder of Other Parties / Amendment of Pleadings | August 11, 2022 |
| Opening CC Briefs | September 1, 2022 |
| Answering CC Briefs | September 22, 2022 |
| Substantial Completion Deadline | October 13, 2022 |
| Reply CC Briefs | October 13, 2022 |
| Sur-Reply CC Briefs | October 27, 2022 |
| Joint Claim Construction Briefs | November 17, 2022 |
| Claim Construction Hearing | January __, 2023 |
| Fact Discovery Deadline | February 9, 2023 |
| Final Infringement Contentions | Within forty-five (45) days of the Court's issuance of its Claim Construction order and by no later than March 2, 2023 |
| Final Invalidity Contentions | Within ninety (90) days of the Court's issuance of its Claim Construction order and by no later than April 13, 2023 |
| Opening Expert Reports | April 27, 2023 |
| Rebuttal Expert Reports | May 25, 2023 |
| Reply Expert Reports | June 22, 2023 |
| Expert Discovery Deadline | August 10, 2023 |

| Event | Deadline |
|---|---|
| Case Dispositive / *Daubert* Motions & Opening Briefs | September 14, 2023 |
| Case Dispositive / *Daubert* Answering Briefs | October 5, 2023 |
| Case Dispositive / *Daubert* Reply Briefs | October 19, 2023 |
| Pretrial Order | No later than 5:00 p.m. on the fourth business day before the date of the final pretrial conference |
| Jury Instructions, Voir Dire, and Special Verdict Forms | No later than 6:00 p.m. on the fourth business day before the date of the final pretrial conference |
| Pretrial Conference | February 13, 2024 |
| Trial | 5-day jury trial beginning on March 4, 2024 |

28393796.1