# EXHIBIT A

**Ward, Jennifer**

| | |
|---|---|
| **From:** | Yoon, James |
| **Sent:** | Friday, June 25, 2021 3:42 PM |
| **To:** | Ryan D. Levy; Seth Ogden; John F. Triggs; Smith, Ryan; Yen, Lucy; Carlson, Erik; Ward, Jennifer; Ramos, Kathie |
| **Subject:** | CAT/Wirtgen - Proposed Revisions to Draft Scheduling Order |
| **Attachments:** | REDLINE.pdf; June 25 DRAFT_Proposed Scheduling Order_CAT's Proposal.docx |

Ryan, Seth and John,

Thanks again for talking with us this week regarding the Wirtgen-Caterpillar cases in Delaware and Minnesota.

Per our discussions, attached is our draft proposed redlines to the proposed scheduling and discovery order.   The draft assumes that the parties will proceed in Delaware and that Caterpillar Inc. will be the defendant.  The draft also assumes that the Minnesota case will be dismissed without prejudice.

Please email me any questions or comments.  Let me know if you need any additional information.

Jim


James Yoon
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
650-320-4726 (Direct)
650-714-8493 (Cell #1: Normal Work Cell)
650-229-2649 (Cell #2: Work From Home Cell)
Email: jyoon@wsgr.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WIRTGEN AMERICA, INC. | ) | |
| | ) | C.A. No. 17-770-RGA |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| CATERPILLAR INC. | ) | **DRAFT 6/25/2021** |
| | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] SCHEDULING ORDER**

This ____ day of _____, 2021, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule ~~16.2~~16.1(~~a~~b) ~~on December 11, 2018~~, and the parties[1] having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    <u>Rule 26(a)(1) Initial Disclosures.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) ~~within five days of the date of this Order~~on November 19, 2021 [5 days after CAT's answer].

2.    <u>Joinder of Other Parties and Amendments of Pleadings.</u> All motions to join other parties and to amend or supplement the pleadings shall be filed on or before [~~300~~September 16, 2022 [301 days from ~~this Order~~CAT's Answer].

3.    <u>Discovery.</u>

      a.    <u>Coordination of Fact Discovery.</u> Due to the overlap in the above-captioned

---

[1] "Plaintiff(s)," as used herein, refers to a party that is asserting a patent claim or counterclaim. "Defendant(s)," as used herein, refers to a party accused of infringing a patent.

case with *In the Matter of Certain Road Milling Machines and Components Thereof*, Investigation No. 337-TA-1067 (Int'l Trade Comm'n) ("the 1067 Investigation"), without the parties waiving any discovery rights under the Federal Rules of Civil Procedure or otherwise, it is ordered that all discovery produced or taken in the 1067 Investigation can be used as if produced or taken in the above-captioned case.

      b.     <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before [~~480~~March 17, 2023 [483 days from ~~this Order~~CAT's Answer].

      c.     <u>Document Production.</u> Document production shall be substantially complete by [~~360~~November 18, 2022 [364 days from this ~~Order~~CAT's Answer].

      d.     <u>Requests for Admission.</u> A maximum of ~~50~~100 requests for admission are permitted for each side, excluding requests exclusively for document authentication purposes.

      e.     <u>Interrogatories.</u> A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

      f.     <u>Depositions.</u>

          i.     <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of ~~70~~100 hours of taking testimony of fact witnesses by deposition upon oral examination.

          ii.     <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be

considered as having filed an action in this Court for the purposes of this provision.

g.    Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

h.    Miscellaneous Discovery Matters.

i.    ~~Patent~~ESI Disclosures.

1.    On or before February 4, 2022 [77 days from CAT's Answer], the parties shall exchange Initial Disclosures pursuant to Paragraph 3 of the Default Standard for

3

Discovery, Including Discovery of Electronically Stored Information ("ESI") ("Delaware Default Standard").

2. On or before February 18, 2022 [91 days from CAT's Answer], pursuant to Paragraph 5(b) of the Delaware Default Standard, the parties shall disclose ten (10) search terms that they plan to use per custodian.

3. On or before February 25, 2022 [98 days from CAT's Answer], pursuant to Paragraph 5(b) of the Delaware Default Standard, the parties shall disclose, absent a showing of good cause, no more ten (10) additional search terms that they request the opposing party use in its electronic search.

ii. Patent Disclosures.

1. On or before December 3, 2021 [14 days from this Order], plaintiffsCAT's Answer], Plaintiffs shall specifically identify the accused products and asserted patent(s) defendantsDefendants allegedly infringe and produce the file history for each asserted patent.

2. On or before December 17, 2021 [28 days from this Order], defendantsCAT's Answer], Defendants shall produce to plaintiffsPlaintiffs the core technical documents related to the accused product(s).

3. On or before [42January 7, 2022 [49 days from this Order], plaintiffsCAT's Answer], Plaintiffs shall serve on defendantsDefendants an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

4

4.      On or before January 28, 2022 [70 days from this Order], defendantsCAT's Answer], Defendants shall serve on plaintiffsPlaintiffs their initial invalidity contentions for each asserted claims, as well as the related invalidating references.

5.      Within forty-five (45) days of the Court's issuance of its Claim Construction order and by no later than [495March 31, 2023 [497 days from this Order], PlaintiffCAT's Answer], Plaintiffs shall provide final infringement contentions.

6.      Within ninety (90) days of the Court's issuance of its Claim Construction order and by no later than May 12, 2023 [540 days from this Order], DefendantCAT's Answer], Defendants shall provide final invalidity contentions.

ii. [The parties should set forth a statement identifying any other pending or completed litigation including IPRs involving one or more of the asserted patents. Plaintiff should advise whether it expects to institute any further litigation in this or other Districts within the next year. Defendant should advise whether it expects to file one or more IPRs and, if so, when.]

iii.      [No later than one hundred and twenty (120) days after CAT files its answer, the parties shall file a statement with the Court that identifies any other pending or completed litigation including IPRs involving one or more of the asserted patents.   In this statement, Plaintiff should advise whether it expects to (1) amend the complaint to add additional patents and (2) institute any further litigation in this or other Districts within the next year. In this statement, Defendant should advise whether it expects to (1) amend the complaint to add additional patents and (2) institute any further litigation in this or other Districts within the next year.  Finally, in this statement, the parties should indicate whether they expect to file challenges to the patents at issue in this case with the United States patent office and, if so, when.]

iv.       iii. [If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either (1) Plaintiff Plaintiffs shall provide the licenses and/or settlement agreements to Defendant Defendants no later than the time of the initial Rule 16(b) scheduling conference, or (2) if Plaintiff Plaintiffs requires a Court Order to make such disclosures, Plaintiff Plaintiffs shall file any necessary proposed orders no later than twenty-four hours before the initial Rule 16(b) scheduling conference. Plaintiff Plaintiffs shall represent in the scheduling order that it is complying or has complied with this requirement. All parties shall be prepared to discuss at the conference what their preliminary views of damages are.]

4.      Application to Court for Protective Order. The parties will submit a proposed Protective Order within 30 days of entry of this order that is no less restrictive than that governing the ITC investigation captioned *In the Matter of Certain Road Milling Machines and Components Thereof*, Inv. No. 337-TA-1067. Should counsel be unable to reach an agreement on a proposed form of order, counsel will follow the provisions of Paragraph 3(g) above.

Any proposed protective order will include the following paragraph:

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.      Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6.    <u>Courtesy Copies.</u> The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

7.    <u>Claim Construction Issue Identification.</u> On or before [~~270~~August 19, 2022 [273 days from ~~this Order~~CAT's Answer], the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare ~~a~~separate Joint Claim Construction ~~Chart~~Charts for each side's asserted patents to be filed no later than September 2, 2022 [284 days from ~~this Order~~CAT's Answer]. The Joint Claim Construction ~~Chart~~Charts, in Word format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction ~~Chart~~Charts should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction ~~Chart~~Charts. In ~~this~~these joint ~~submission~~submissions, the parties shall not provide argument.

8.    <u>Claim Construction Briefing</u>[12]. ~~Plaintiff~~Each side shall serve, but not file, its

---

[12] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. ~~Plaintiff~~Plaintiffs should include with ~~its~~their opening brief one or more representative claims with the disputed terms italicized. Should ~~Defendant~~Defendants want to

opening brief concerning its patents, not to exceed 5,000 words, on [312September 30, 2022 [315 days from this Order]. DefendantCAT's Answer]. The parties shall serve, but not file, itstheir answering briefbriefs, not to exceed 7,500 words, on [340October 28, 2022 [343 days from this Order]. PlaintiffCAT's Answer]. The parties shall serve, but not file, itstheir reply briefbriefs, not to exceed 5,000 words, on [368November 22, 2022 [364 days from this Order]. DefendantCAT's Answer]. The parties shall serve, but not file, itstheir sur-reply briefbriefs, not to exceed 2,500 words on [389December 16, 2022 [392 days from this OrderCAT's Answer]. No later than [396December 23, 2022 [399 days from this OrderCAT's Answer], the parties shall file a Joint Claim Construction BriefBriefs. The parties shall copy and paste their unfiled briefs into two briefs (one brieffor each side's asserted patents), with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.    Representative Claims

II.   Agreed-upon Constructions

III.  Disputed Constructions

    A.    [TERM 1][23]

        1.    Plaintiff's Opening Position
        2.    Defendants' Answering Position
        3.    Plaintiff's Reply Position
        4.    Defendant's Sur-Reply Position

    B.    [TERM 2]

---

add additional representative claims, DefendantDefendants may do so. The representative claims and the agreed-upon claim constructions do not count against word limits.

[23] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

1.    Plaintiff's Opening Position
2.    Defendants' Answering Position
3.    Plaintiff's Reply Position
4.    Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

9.    <u>Hearing on Claim Construction.</u> Beginning at 9:00 a.m. on <u>February ▮ , 2023</u> [about 6 weeks later], the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which the answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction ~~Brief is~~<u>Briefs are</u> filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

10.    <u>Disclosure of Expert Testimony.</u>

a.    <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before [~~373~~<u>May 12, 2023</u> [539 days from ~~this Order~~<u>CAT's Answer</u>]. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before <u>June 23, 2023</u> [581 days from ~~this Order~~<u>CAT's Answer</u>]. Reply expert reports from the party with the initial burden of proof are due on or before <u>July 21, 2023</u> [609 days from ~~this Order~~<u>CAT's Answer</u>]. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the

9

rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before September 15, 2023 [665 days from ~~this Order~~CAT's Answer].

b.      Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

11.     Case Dispositive Motions. All case dispositive motions shall be served and filed on or before ~~[693 days from this Order~~October 14, 2023 [694 days from CAT's Answer].  All case dispositive motion answering briefs shall be served and filed on or before November 4, 2022 [715 days from CAT's Answer].  All case dispositive motion reply briefs shall be served and filed on or before November 18, 2022 [729 days from CAT's Answer].  No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

12.     Applications by Motion. Except as otherwise specified herein, any application to

the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. <u>Pretrial Conference.</u> On March __, 2024 [about ~~820~~834 days from ~~this Order~~CAT's Answer], the Court will hold a Rule 16(e)(c) final pretrial conference in Court with counsel beginning at 8:30 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. <u>Motions *in Limine.*</u> Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed

voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6:00 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

16.  <u>Trial.</u> This matter is scheduled for a 5-day jury trial beginning at 9:30 a.m. on April __, 2024 [about ~~845~~859 days from ~~this Order~~CAT's Answer], with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

17.  <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution. This matter is referred to a magistrate judge to handle all discovery disputes including any that arise in connection with expert reports.  The parties agree to hold a settlement conference with the magistrate judge by February 28, 2022.

_____
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing document has been served this

12th day of June 2021 upon the below-listed counsel via ECF:

**Appendix A**

Bindu A. Palapura
POTTER ANDERSON & CORROON, LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
bpalapura@potteranderson.com

| **Event** | **Deadline** Gregory J. Commins, Jr. |
|---|---|
| | Michael E. Anderson |
| | BAKER & HOSTETLER LLP |
| | 1050 Connecticut Avenue, NW |
| | Washington, DC 20036 |
| | gcommins@bakerlaw.com |
| | syashar@bakerlaw.com |
| | meanderson@bakerlaw.com |
| Plaintiff Files Amended Complaint | August 20, 2021 |
| Defendant Files Answer | November 19, 2021 |
| Rule (26)(a)(1) Disclosures | November 23, 2021 [4 days from Cat's Answer] |
| Identification of Accused Products/Asserted Patents | December 3, 2021 [14 days from CAT's Answer] |
| Core Technical Document Production | December 17, 2021 [28 days from CAT's Answer] |
| Protective Order | December 17, 2021 [28 days from Cat's Answer] |
| Initial Infringement Contentions | January 7, 2022 [49 days from CAT's Answer] |
| Initial Invalidity Contentions | January 28, 2022 [70 days from CAT's Answer] |
| Delaware Default Standard Para. 3 Disclosures | February 4, 2022 [77 days from CAT's Answer] |
| Delaware Default Standard Para. 5(b) – Disclosure of Search Terms | February 18, 2022 [91 days from CAT's Answer] |
| Delaware Default Standard Para. 5(b) – Disclosure of Requested Search Terms by Opposing Party | February 25, 2022 [98 days from CAT's Answer] |
| Deadline to Hold Settlement Conference with | February 28, 2022 [101 days from CAT's |

| | |
|---|---|
| Magistrate Judge | Answer] |
| Identification of Terms for Construction/Proposed Construction | August 19, 2022 [273 days from CAT's Answer] |
| Joint Claim Construction Chart | September 2, 2022 [287 days from CAT's Answer] |
| Joinder of Other Parties / Amendment of Pleadings | September 16, 2022 [301 days from CAT's Answer] |
| Opening CC Briefs | September 30, 2022 [315 days from CAT's Answer] |
| Answering CC Briefs | October 28, 2022 [343 days from CAT's Answer] |
| Substantial Completion Deadline | November 18, 2022 [364 days from CAT's Answer] |
| Reply CC Briefs | November 22, 2022 [368 days from CAT's Answer] |
| Sur-Reply CC Briefs | December 16, 2022 [392 days from CAT's Answer] |
| Joint Claim Construction Briefs | December 23, 2022 [399 days from CAT's Answer] |
| Claim Construction Hearing | February __, 2023 [about 6 weeks after JCCB] |
| Fact Discovery Deadline | March 17, 2023 [483 days from CAT's Answer] |
| Final Infringement Contentions | Within forty-five (45) days of the Court's issuance of its Claim Construction order and by no later than March 31, 2023 [497 days from CAT's Answer] |
| Final Invalidity Contentions | Within ninety (90) days of the Court's issuance of its Claim Construction order and by no later than May 12, 2023 [539 days from CAT's Answer] |
| Opening Expert Reports | May 12, 2023  [539 days from CAT's answer] |
| Rebuttal Expert Reports | June 23, 2023 [581 days from CAT's Answer] |
| Reply Expert Reports | July 21, 2023 [609 days from CAT's Answer] |
| Expert Discovery Deadline | September 15, 2023 [665 days from CAT's Answer] |
| Case Dispositive / *Daubert* Motions & Opening Briefs | October 14, 2023 [694 days from CAT's Answer] |
| Case Dispositive / *Daubert* Answering Briefs | November 4, 2022 [715 days from CAT's Answer] |
| Case Dispositive / *Daubert* Reply Briefs | November 18, 2022 [729 days from CAT's Answer] |
| Pretrial Order | No later than 5:00 p.m. on the fourth business day before the date of the final pretrial conference |

| Jury Instructions, Voir Dire, and Special Verdict Forms | No later than 6:00 p.m. on the fourth business day before the date of the final pretrial conference |
|---|---|
| Pretrial Conference | March ___, 2024 [about 834 days from CAT's Answer] |
| Trial | 5-day jury trial beginning on April ___, 2024 [about 859 days from Cat's Answer] |

/s/ Seth R. Ogden
Seth R. Ogden

| Summary report: | |
|---|---|
| **Litera® Change-Pro for Word 10.7.0.7 Document comparison done on 6/25/2021 3:21:44 PM** | |
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** DRAFT_Proposed Scheduling Order_to Cat_06072021 (002).docx | |
| **Modified filename:** June 25 DRAFT_Proposed Scheduling Order_CAT's Proposal.docx | |
| **Changes:** | |
| Add | 114 |
| Delete | 99 |
| Move From | 3 |
| Move To | 3 |
| Table Insert | 37 |
| Table Delete | 1 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 257 |

# EXHIBIT B



November 10, 2021

<u>**VIA EMAIL**</u>

James C. Yoon, Esq.
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, California 94304
(650) 493-9300
*jyoon@wsgr.com*

**RE:    Production of Core Technical Documents**
      *Wirtgen America, Inc. v. Caterpillar Inc.*
      **C.A. No. 17-770-RGA (D. Del.)**

Dear James:

We write in response to response to Erik Carlson's October 15, 2021 email regarding the November 10, 2021 core technical document production. Because we do not believe the Scheduling Order entered by the Court addressed or contemplated Caterpillar's counterclaim patents, we do not agree to provide discovery on those issues on the timetable set forth in the Scheduling Order.

As you know, Caterpillar never informed Wirtgen America it intended to file counterclaims alleging infringement of its own patents in connection with this action until immediately before filing its answer. This was despite the significant amount of time the parties spent negotiating the Scheduling Order. Further, our pending motion to sever and to transfer further militates against proceeding with discovery on the timetable set forth in the Scheduling Order. Should that motion be denied, we can discuss an orderly schedule for discovery relating to your infringement allegations.

Please let us know if you would like to discuss.

Best regards,

PATTERSON INTELLECTUAL PROPERTY LAW, P.C.

Ryan D. Levy
rdl@iplawgroup.com

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WIRTGEN AMERICA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-770-RGA |
| | ) | |
| CATERPILLAR INC. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

---

**PLAINTIFF WIRTGEN AMERICA, INC.'S INITIAL DISCLOSURES,**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

---

Plaintiff Wirtgen America, Inc. ("Plaintiff" or "Wirtgen America"), by its undersigned counsel, hereby submits the following initial disclosures ("Initial Disclosures") to Defendant Caterpillar Inc. ("Defendant"), pursuant to Federal Rule of Civil Procedure (each, a "Rule") 26(a)(1), and in accordance with this Court's Scheduling Order. *See* D.I. 28.

These Initial Disclosures are based on information now reasonably available to Wirtgen America and represent Wirtgen America's good-faith effort to identify information that it reasonably believes to be required pursuant to Rule 26(a)(1) and this Court's Scheduling Order. *See* D.I. 28. Wirtgen America's investigation is ongoing, and Wirtgen America expressly reserves the right to modify, amend, supplement, and/or correct the information provided in these Initial Disclosures as information becomes reasonably available. By making these Initial Disclosures, Wirtgen America does not represent or warrant that it is identifying every document, item of electronically stored information, tangible thing, or witness it may use to support its claims and defenses in this civil action.

Wirtgen America also expressly reserves the right to rely upon additional information as it

becomes reasonably available through discovery or otherwise, pursuant to Rule 26(e). In addition, Wirtgen America expressly reserves the right to call any witness or present any document, item of electronically stored information, or tangible thing during discovery, any pre-trial proceeding, or at trial that is identified through further investigation or discovery that may have information relevant to the claims and defenses asserted in this civil action.

These Initial Disclosures are not intended, nor should they be construed, as a waiver of: (i) any objection to or protection from the production, use, or admission into evidence of any document, information, or thing that Wirtgen America may be legally entitled to assert during discovery, any pre-trial proceedings, or any trial in this civil action; (ii) any objection to any other discovery involving or relating to the subject matter of these Initial Disclosures; (iii) the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity; or (iv) the right to designate as confidential any and all information and materials worthy of such designation in accordance with the Protective Order upon entry. Any inadvertent or unintentional disclosure of discovery subject to confidentiality protection under the Protective Order upon entry, or any inadvertent or unintentional disclosure of discovery subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity, shall not constitute a waiver of any such protection or privilege.

All the Initial Disclosures set forth below are made subject to the above objections and qualifications.

## 1. Individuals Likely to Have Discoverable Information Along with Subjects of that Information

Pursuant to Rule 26(a)(1)(A)(i), and based on Wirtgen America's investigation to date, Wirtgen America believes that one or more of the individuals identified below are likely to have discoverable information that Wirtgen America may use to support its claims or defenses, other

than individuals used solely for impeachment. Wirtgen America expressly reserves the right to identify and to call additional individuals as witnesses if, during the course of discovery and investigation relating to this case, Wirtgen America reasonably learns that such additional persons have relevant knowledge to this civil action. Subject to the foregoing, Wirtgen America identifies the following individuals who are likely to have discoverable information that Wirtgen America may use to support its claims or defenses:

| Individual (Name) | Address and Telephone No.[†] | Connection to Case and Subject Matter of Discoverable Information |
|---|---|---|
| Jim McEvoy *Contact through counsel* | 6030 Dana Way Antioch, TN 37013 U.S.A. (615) 501-0600 | President and Chief Executive Officer (CEO) for Wirtgen America, Inc., with knowledge of Wirtgen America's (i) acquisition of the patents-in-suit and (ii) business activities. |
| Brad McKinney *Contact through counsel* | 6030 Dana Way Antioch, TN 37013 U.S.A. (615) 501-0600 | Chief Financial Officer (CFO) for Wirtgen America, Inc., with knowledge of Wirtgen America's revenues and profits arising from the sale of technologies incorporating the patents-in-suit. |
| Allen Parton *Contact through counsel* | 6030 Dana Way Antioch, TN 37013 U.S.A. (615) 501-0600 | Director of Human Resources for Wirtgen America, Inc., with knowledge of Wirtgen America's internal protocols as it relates to employment and contracting, and the operations associated therewith. |
| Jeff Wiley *Contact through counsel* | 6030 Dana Way Antioch, TN 37013 U.S.A. (615) 501-0600 | Senior Vice President (SVP) of Sales for Wirtgen America, Inc., with knowledge of Wirtgen America's sale of technologies incorporating the patents-in-suit, and the operations associated therewith. |
| Brodie Hutchins *Contact through counsel* | 6030 Dana Way Antioch, TN 37013 U.S.A. (615) 501-0600 | Vice President (VP) of Distribution Development for Wirtgen America, Inc., with knowledge of Wirtgen America's distribution network for technologies incorporating the patents-in-suit. |
| Sandy Draper *Contact through counsel* | 6030 Dana Way Antioch, TN 37013 U.S.A. (615) 501-0600 | Director of Inside Sales Operations for Wirtgen America, Inc., with knowledge of Wirtgen America's sales department and the operations associated therewith. |

[†] The address and telephone numbers provided are those last known to Wirtgen America. For individuals located with corporate entities, the corporate headquarters (or other corporate offices) have been provided in circumstances where the particular business address of the individual is presently unknown.

| Jan Schmidt<br>*Contact through counsel* | 6030 Dana Way<br>Antioch, TN 37013<br>U.S.A.<br>(615) 501-0600 | Vice President (VP) of Product Support for Wirtgen America, Inc., with knowledge of Wirtgen America's services directed to customer- and product-related support. |
|---|---|---|
| Ed Asbury<br>*Contact through counsel* | 6030 Dana Way<br>Antioch, TN 37013<br>U.S.A.<br>(615) 501-0600 | Information Technology Manager for Wirtgen America, Inc. with knowledge of Wirtgen America's information-technology and data-retention practices. |
| Eric S. Engelmann | 510 Lake Cook Rd.<br>Suite 100<br>Deerfield, IL 60015<br>U.S.A. | Engineering Supervisor for Caterpillar Inc. and named inventor on patents and patent applications directed to road-construction machines (and components therein), assigned to Caterpillar Inc., Caterpillar Paving Products Inc., or Caterpillar Trimble Control Technologies LLC, including U.S. Patent No. 9,371,618 (the "'618 Patent"), with knowledge of Caterpillar's development of road-construction machines. |
| Terry Healy | Currently Unknown | Former Technical Manager for Caterpillar Inc. with knowledge of Caterpillar's development of road-construction machines infringing upon Wirtgen America's patents-in-suit. |
| Nathan Just | 510 Lake Cook Rd.<br>Suite 100<br>Deerfield, IL 60015<br>U.S.A. | Marketing Manager for Caterpillar Inc. with knowledge of Caterpillar Inc.'s marketing practices as it relates to product development, customer interfacing, and other advertising, marketing, and promotional practices related to road-construction machines. |
| David Peterson | 510 Lake Cook Rd.<br>Suite 100<br>Deerfield, IL 60015<br>U.S.A. | Market Professional of Americas North for Caterpillar Inc. with knowledge of Caterpillar's marketing, advertising, promotion, offers for sale, and/or sales of Caterpillar's road-construction machines, especially road-milling machines and reclaimers. |
| Conwell K. Rife, Jr. | Currently Unknown | Named inventor on patents and patent applications directed to road-construction machines (and components therein), assigned to Caterpillar Trimble Control Technologies LLC or Caterpillar Paving Products Inc., with knowledge of Caterpillar's infringement of Wirtgen America's patents-in-suit. |

| Dario Sansone | 510 Lake Cook Rd. Suite 100 Deerfield, IL 60015 U.S.A. | Engineering Manager for Caterpillar Inc. and named inventor on patents and patent applications directed to road-construction machines (and components therein), assigned to Caterpillar Paving Products Inc., including U.S. Patent No. 7,523,995 (the "'995 Patent"), with knowledge of Caterpillar's infringement of Wirtgen America's patents-in-suit. |
| Kevin Adams | 9401 85th Ave. N. Brooklyn Park, MN 55445 U.S.A. | Sales and Marketing Support Manager for Caterpillar Paving Products Inc. with knowledge of marketing, advertising, promotion, offers for sale, and/or sales of Caterpillar's road-construction machines. |
| Paul Clark | Currently Unknown | Former General Manager of Global Paving for Caterpillar Inc. with knowledge of Caterpillar's profits and losses as it relates to road-construction machines in Caterpillar's asphalt product lines. |
| A. J. Lee | Currently Unknown | Former Global Support Consultant and Market Segment Manager for Caterpillar Inc. with knowledge of product development and life-cycle management for Caterpillar's road-construction machines, particularly road-milling machines. |
| Paul Koenen | 510 Lake Cook Rd. Suite 100 Deerfield, IL 60015 U.S.A. | Senior Validation Engineer for Caterpillar Inc. with knowledge of Caterpillar's research and development efforts as it relates to control systems in road-construction machines. |
| William Lindholm | 510 Lake Cook Rd. Suite 100 Deerfield, IL 60015 U.S.A. | Engineering Supervisor for Caterpillar Inc. with knowledge of costs associated with modules, assemblies, or parts for Caterpillar's road-construction machines. |
| Nathan Mashek | 510 Lake Cook Rd. Suite 100 Deerfield, IL 60015 U.S.A. | Engineering Manager for Caterpillar Inc. and named inventor on patents and patent applications directed to road-construction machines (and components therein), assigned to Caterpillar Inc. or Caterpillar Paving Products Inc., with knowledge of Caterpillar's development of road-construction machines. |
| Jim Domanus | 510 Lake Cook Rd. Suite 100 Deerfield, IL 60015 U.S.A. | Engineering Supervisor for Caterpillar Inc. with knowledge of Caterpillar's design development and implementation for road-construction machines. |

| Timothy O'Donnell | Currently Unknown | Former Team Lead of Automation and Autonomy and Former Team Lead of Software Systems for Caterpillar Inc., and named inventor on patents and patent applications directed to road-construction machines (and components therein), assigned to Caterpillar Inc. or Caterpillar Paving Products Inc., with knowledge of Caterpillar's development of road-construction machines. |
|---|---|---|
| Kevin Klein | 510 Lake Cook Rd. Suite 100 Deerfield, IL 60015 U.S.A. | Manager of Litigation Technical Support for Caterpillar Inc. with knowledge of Caterpillar's location, organization, and assembly of trial exhibits, document collection, and other technical assistance of Caterpillar's legal team. |
| Joshua Bloomfield | 510 Lake Cook Rd. Suite 100 Deerfield, IL 60015 U.S.A. | General Manager of Outbound Logistics for Caterpillar Inc. with knowledge of Caterpillar's importation and exportation practices in connection with road-construction machines. |
| Mark Tarvin | 935 Stewart Dr. Sunnyvale, CA 94085 U.S.A. | Senior Engineering Project Team Leader for Caterpillar Trimble Control Technologies LLC and named inventor on patents and patent applications directed to road-construction machines (and components therein), assigned to Caterpillar Paving Products Inc. or Caterpillar Trimble Control Technologies LLC, with knowledge of Caterpillar's development of road-construction machines. |
| Federico B. Rio | Currently Unknown | Named inventor with knowledge of the '995 Patent, as well as Caterpillar's technologies incorporating the foregoing. |
| Dean R. Potts | Currently Unknown | Named inventor with knowledge of the '995 Patent, as well as Caterpillar's technologies incorporating the foregoing. |
| Gregory H. Dubay | Currently Unknown | Named inventor with knowledge of the '995 Patent, as well as Caterpillar's technologies incorporating the foregoing. |
| James A. Aardema | Currently Unknown | Named inventor with knowledge of U.S. Patent No. 9,975,538, as well as Caterpillar's technologies incorporating the foregoing. |
| Daniel H. Killion | Currently Unknown | Named inventor with knowledge of the '618 Patent, as well as Caterpillar's technologies incorporating the foregoing. |

*Contact through counsel for Plaintiff Wirtgen America, Inc.: William Sekyi, Patterson Intellectual Property Law, P.C., Roundabout Plaza, 1600 Division Street, Suite 500, Nashville, Tennessee 37203, Tel. (615) 242-2400.

2. **Documents, Electronically Stored Information, and Tangible Things in the Possession, Custody, or Control of Wirtgen America**

Pursuant to Rule 26(a)(1)(A)(ii), and based upon its investigation to date, Wirtgen America identifies the following categories of documents, electronically stored information, and tangible things in Wirtgen America's possession, custody, or control, that Wirtgen America may use to support its claims or defenses:

i.   U.S. Patent Nos. 7,828,309 ("the '309 patent"), 8,118,316 ("the '316 patent"), 7,530,641 ("the '641 patent"), 8,113,592 ("the '592 patent"), 9,010,871 ("the '871 patent"), 9,656,530 ("the '530 patent"), 7,946,788 ("the '788 patent"), 8,511,932 ("the '932 patent"), 8,690,474 ("the '474 patent"), RE48,268 ("the '268 patent"), 8,424,972 ("the '972 patent"), 9,879,390 ("the '390 patent"), and 9,879,391 ("the '391 patent") (collectively, the "Asserted Patents");

ii.  File histories for the Asserted Patents, including the file histories of *inter partes* review (IPR) proceedings for the applicable Asserted Patents;

iii. Documents showing ownership of the Asserted Patents;

iv.  Documents demonstrating and/or describing the functionality of the technology, products, or services underlying, embodying, or embracing any claim of the Asserted Patents (collectively, the "Patented Technology");

v.   Documents, photographs, images, videos, and/or things showing Defendant's infringement of the Asserted Patents, including Defendant's unauthorized use of the Patented Technology in Defendant's road-construction machines, such as road-milling machines, recyclers, or stabilizers, as well as other cold-milling technology;

vi.  Documents showing Defendant's knowledge and willful infringement of the Asserted Patents;

vii.    Documents constituting, referring, or relating to the sales, pricing, market share, profits, profit margins, sales projections, and market studies associated with Wirtgen's road-construction machines comprising the Patented Technology;

viii.    Documents constituting, referring, or relating to damages, costs, and expenses arising from Defendants' infringement of the Asserted Patents, including (without limitation) loss of revenue, loss of profits, loss of market share, price erosion, loss of goodwill, damage to reputation, adverse impact on downstream-, ecosystem-, or network-related sales or business opportunities, or other harms; and

ix.    Documents, electronically stored information, or other tangible things produced by Defendant or any other parties in the course of this civil action and in related proceedings, including *In the Matter of Certain Road Construction Machines and Components Thereof*, Investigation No. 337-TA-1088 (Int'l Trade Comm'n) (the "1088 Investigation"), and *In the Matter of Certain Road Milling Machines and Components Thereof*, Investigation No. 337-TA-1067 (Int'l Trade Comm'n) (the "1067 Investigation").

These documents, electronically stored information, and/or tangible things are located or available in one or more of Wirtgen America's corporate offices in the United States, the possession of Wirtgen America's counsel, the public domain, the possession of third-party individuals or entities who Wirtgen America may subpoena, and/or are in Defendant's possession. Wirtgen America shall conduct additional searches for discoverable documents, electronically stored information, and/or tangible things, should the need for supplementary information arise and a proper request be made in a timely manner. Wirtgen America reserves the right to amend or

supplement its disclosures as Wirtgen America's investigation continues, the case progresses, and discovery is taken.

### 3. Computation of Damages Claimed by Wirtgen America

Pursuant to Rule 26(a)(1)(A)(iii), and based upon its investigation to date, Wirtgen America seeks all remedies to which it is entitled under federal law, pursuant to 35 U.S.C. §§ 283-285, arising from Defendant's patent infringement. Pursuant to 35 U.S.C. § 283, Wirtgen America seeks equitable relief arising from Defendant's patent infringement, including at least a permanent injunction, as well as any other legal or equitable relief that the Court deems just and proper. Pursuant to 35 U.S.C. § 284, Wirtgen America seeks damages in an amount adequate to compensate for the patent infringement, which includes, but is not limited to, lost sales and/or lost profits, or at least a reasonable royalty for the use of Wirtgen America's patented inventions, together with interest and costs fixed by the Court. Moreover, Wirtgen America seeks an accounting of all Defendant's infringing sales and revenues. In addition, Wirtgen America seeks damages up to three times the amount to be found, or to be assessed, by the Court with respect to Defendant's infringement, based at least in part on Defendant's willful infringement. Also, Wirtgen America seeks prejudgment interest. Wirtgen America seeks an award of attorneys' fees and expenses under 35 U.S.C. § 285. Such costs, fees, and expenses cannot be computed at the present time and depend on a variety of factors such as the length and intensity of the litigation and the positions that Defendant takes in this civil action. Wirtgen America's computation of its damages may be the subject of expert discovery in accordance with Rule 26(a)(2). Wirtgen America reserves the right to rely upon the opinions of qualified experts regarding any claim for damages, costs, expenses, or attorneys' fees.

At this time, Wirtgen America is unable to fully compute its damages, costs, expenses, and attorneys' fees arising from Defendant's conduct because it has not yet obtained discovery from Defendant, nor has Wirtgen America obtained an expert opinion. Wirtgen America will provide computations of the damages, costs, expenses, and attorneys' fees at an appropriate time. And, since much of the information necessary to make damages calculations is in the possession of Defendant, Wirtgen America reserves its right to identify additional documents as this matter proceeds. Moreover, Defendant's patent infringement is ongoing and the amount of damages to which Wirtgen America is entitled continues to increase.

## 4. Insurance Agreement

Pursuant to Rule 26(a)(1)(A)(iv), and based upon its investigation to date, Wirtgen America is not aware of any insurance agreements under which any individual or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse any party for payments made to satisfy a judgment.

Dated: October 21, 2021

OF COUNSEL:

Ryan D. Levy
Seth R. Ogden
William E. Sekyi
Scott M. Douglass
Dominic A. Rota
Mark A. Kilgore
John F. Triggs
PATTERSON INTELLECTUAL PROPERTY LAW, P.C.
1600 Division Street, Suite 500
Nashville, Tennessee 37203
(615) 242-2400
*rdl@iplawgroup.com*
*sro@iplawgroup.com*
*wes@iplawgroup.com*
*smd@iplawgroup.com*
*dar@iplawgroup.com*
*mak@iplawgroup.com*
*jft@iplawgroup.com*

Daniel E. Yonan
Paul A. Ainsworth
R. Wilson Powers III
Kyle E. Conklin
Deirdre M. Wells
Joseph H. Kim
Richard J. Uberto Jr.
Davin B. Guinn
STERNE, KESSLER, GOLDSTEIN & FOX, PLLC
1100 New York Ave., NW, Suite 600
Washington, DC 20005
(202) 371-2600
*dyonan@sternekessler.com*
*painsworth@sternekessler.com*
*tpowers@sternekessler.com*
*kconklin@sternekessler.com*
*josephk@sternekessler.com*
*dwells@sternekessler.com*
*ruberto@sternekessler.com*
*dguinn@sternekessler.com*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
*apoff@ycst.com*
*pkraman@ycst.com*

*Attorneys for Plaintiff Wirtgen America, Inc.*

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire, hereby certify that on October 21, 2021, I caused the foregoing

document to be served by email upon the following counsel:

Bindu A. Palapura
POTTER ANDERSON & CORROON, LLP
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
bpalapura@potteranderson.com

James C. Yoon
Ryan R. Smith
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
jyoon@wsgr.com
rsmith@wsgr.com

Lucy Yen
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas
40th Floor
New York, NY 10019
lyen@wsgr.com

*Attorneys for Defendant Caterpillar, Inc.*

Dated: October 21, 2021          YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                 */s/ Adam W. Poff*
                                 Adam W. Poff (No. 3990)
                                 Rodney Square
                                 1000 North King Street
                                 Wilmington, Delaware  19801
                                 (302) 571-6600
                                 apoff@ycst.com

                                 *Attorneys for Plaintiff Wirtgen America, Inc.*

# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| WIRTGEN AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CATERPILLAR INC., | ) | C.A. No. 17-0770-RGA |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANT CATERPILLAR INC.'S INITIAL DISCLOSURES
## PURSUANT TO FED. R. CIV. P. 26(a)(1)

In accordance with Federal Rule of Civil Procedure 26(a)(1) and this Court's Scheduling Order (D.I. 28), Defendant Caterpillar Inc. ("Defendant" or "Caterpillar") provides the following initial disclosures to Plaintiff Wirtgen America, Inc. ("Plaintiff" or "Wirtgen America"). Wirtgen America alleges that certain Caterpillar cold planers infringe one or more of the claims of the Wirtgen America Patents.[1] Caterpillar alleges that certain Wirtgen America products infringe one or more of the claims of the Caterpillar Patents.[2] These disclosures are made based on information that is available to Caterpillar at this time and at this stage of the proceedings. Discovery has just

---

[1] "Wirtgen America Patents" collectively refer to U.S. Patent Nos. 7,828,309 ("'309 patent"), 8,118,316 ("'316 patent), 8,113,592 ("'592 patent"), 9,010,871 ("'871 patent"), 9,656,530 ("'530 patent"), 7,946,788 ("'788 patent"), 8,511,932 ("'932 patent"), 8,690,474 ("'474 patent"), RE48,268 ("'268 patent"), 8,424,972 ("'972 patent"), 9,879,390 ("'390 patent"), and 9,879,391 ("'391 patent"). Because the Court has stayed U.S. Patent No. 7,530,641, Caterpillar will not address that patent herein.

[2] "Caterpillar Patents" collectively refer to U.S. Patent Nos. 7,523,995 ("'995 patent"), 9,975,538 ("'538 patent"), and 9,371,618 ("'618 patent").

begun, and Caterpillar reserves all rights, including under Rule 26(e), to modify, amend, and/or supplement the disclosures made herein as additional evidence and information become available.

These disclosures by Caterpillar are not intended to, and do not, constitute admissions as to relevance or admissibility of the information disclosed, and are made without any waiver of attorney-client privilege, work-product protection, or any other applicable protection or immunity. Caterpillar submits these initial disclosures without waiver as to relevancy, materiality, competency, and admissibility of evidence of these disclosures or the subject matter thereof and without waiver of the right to object on any basis permitted by law to any discovery involving or relating to these initial disclosures or the subject matter thereof.  Caterpillar also reserves the right to rely on documents not described herein.

Caterpillar further does not represent that it is identifying each and every document that may be relevant to this action, or each and every individual or organization that may possess information relevant to this action.  Rather, Caterpillar's initial disclosures identify information Caterpillar reasonably believes may be used to support its claims and defenses as of the date of these disclosures.

## I.    LIST OF INDIVIDUALS

In accordance with Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure and subject to the qualifications stated above, Caterpillar identifies the following individuals as likely to have discoverable information that Caterpillar may use in support of its claims and defenses (other than solely for impeachment) in this action.  Caterpillar anticipates that other individuals may also have discoverable information and specifically reserves the right to identify additional witnesses as discovery proceeds.

By indicating the general subject matter of information the following individuals may possess, Caterpillar is in no way limiting its right to call any of the individuals listed to testify concerning any other subject(s):

| Name | Contact Information | Subject Matter |
|------|---------------------|----------------|
| Christian Berning | Am Burgweiher 3<br>Zülpich, Germany 53909 | The '391, '390, '972, '309 and '316 patents, including alleged conception, reduction to practice, diligence, inventorship, prosecution, prior art, and/or ownership |
| Peter Busley | Am Kaiserberg 6b<br>Linz/Rhein, Germany 53545 | The '268, '530, '871 and '592 patents, including alleged conception, reduction to practice, diligence, inventorship, prosecution, prior art, and/or ownership |
| Günter Hähn | Kiefernweg 21<br>Königswinter, Germany 53639 | The '474, '788 and '932 patents, including alleged conception, reduction to practice, diligence, inventorship, prosecution, prior art, and/or ownership |
| Jaroslaw Jurasz | Weidenweg 8<br>Windhagen, Germany 53578 | The '474, '788 and '932 patents, including alleged conception, reduction to practice, diligence, inventorship, prosecution, prior art, and/or ownership |
| Markus Schäfer | Langgasse 105<br>Niederkassel, Germany 53859 | The '309 and '316 patents, including alleged conception, reduction to practice, diligence, inventorship, prosecution, prior art, and/or ownership |
| Dieter Simons | Am Sielspool 8<br>Buchholz, Germany 53567 | The '268, '391, '390, '972, '309 and '316 patents, including alleged conception, reduction to practice, diligence, inventorship, prosecution, prior art, and/or ownership |
| Silvia Tewes | Erlenweg 14<br>Unkel/Rhein, Germany 53572 | The '474, '932 and '530 patents, including alleged conception, reduction to practice, diligence, inventorship, prosecution, prior art, and/or ownership |

| Name | Contact Information | Subject Matter |
|---|---|---|
| Lucian Wayne Beavers | Patterson Intellectual Property Law, P.C.<br>1600 Division St., Ste 500<br>Nashville, TN 37203<br>(615) 242-2400 | The Wirtgen America Patents, including prosecution, prior art, and/or ownership |
| Eric Engelmann | Counsel for Caterpillar<br><br>Wilson Sonsini Goodrich & Rosati, P.C.<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>(650) 493-9300 | The '618 patent, including conception, reduction to practice, diligence, inventorship, and/or prosecution; history and development of Caterpillar cold planers; competitive analysis of Wirtgen cold planers |
| Dario Sansone | Counsel for Caterpillar<br><br>Wilson Sonsini Goodrich & Rosati, P.C.<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>(650) 493-9300 | The '995 patent, including conception, reduction to practice, diligence, inventorship, and/or prosecution; history and development of Caterpillar cold planers |
| Nathan Just | Counsel for Caterpillar<br><br>Wilson Sonsini Goodrich & Rosati, P.C.<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>(650) 493-9300 | Marketing of Caterpillar cold planers |
| David Falcione | Counsel for Caterpillar<br><br>Wilson Sonsini Goodrich & Rosati, P.C.<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>(650) 493-9300 | Caterpillar's corporate structure and organization; importation and manufacture of Caterpillar cold planers |
| Corey Hanback | Counsel for Caterpillar<br><br>Wilson Sonsini Goodrich & Rosati, P.C.<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>(650) 493-9300 | Financial information regarding Caterpillar cold planers |

Caterpillar reserves the right to disclose additional individuals whom Caterpillar may use to support its claims or defenses based on information learned during the course of this litigation.

## II.   DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS

In accordance with Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure and subject to the qualifications stated above, Caterpillar submits the following descriptions of documents, electronically stored information and/or tangible things that Caterpillar has in its possession, custody, or control and may use to support its defenses and counterclaims:

1.   Documents relating to the Caterpillar Patents, including the patents' respective applications and file histories;

2.   Documents relating to the conception and reduction to practice of inventions claimed in the Caterpillar Patents;

3.   Documents relating to the commercial success and other secondary considerations of non-obviousness of the inventions embodied in the Caterpillar Patents;

4.   Documents related to Caterpillar's research and development;

5.   Documents relating to the development, operation, and marketing of Caterpillar cold planers;

6.   Documents relating to the sales and financial information of Caterpillar cold planers;

7.   Pleadings and other files from this litigation and any related litigation or action;

8.   Deposition exhibits and all materials referenced in any expert report submitted in this litigation; and

9.   Documents produced by the parties or their corporate affiliates in this litigation.

Caterpillar specifically reserves the right to identify additional categories and locations of documents under Rule 26(e) of the Federal Rules of Civil Procedure as discovery proceeds.

III.     **COMPUTATION OF DAMAGES**

In accordance with Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure and subject to the qualifications stated above, Caterpillar states as follows:

Caterpillar seeks damages for infringement of the Caterpillar Patents.  Caterpillar contends that it is entitled at least to be adequately compensated for Wirtgen America's infringement in the amount of a reasonable royalty and/or lost profits.  Additionally, Caterpillar contends it is entitled to prejudgment and post-judgment interests and costs under 35 U.S.C. § 284 and may be entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

The amount and computation of these damages is not known at this time as discovery is just beginning, and many of the documents necessary to calculate these amounts are in the possession, custody, or control of Wirtgen America.  Caterpillar also reserves its right to retain an expert witness to testify as to the precise amount of damages to which Caterpillar is entitled.

Caterpillar also seeks reimbursement of all costs and expenses, including reasonable attorneys' fees, incurred as a result of this action.  Such costs and expenses continue to accrue, and therefore, a computation thereof cannot be performed at this time.

IV.     **RELEVANT INSURANCE AGREEMENTS**

In accordance with Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure and subject to the qualifications stated above, Caterpillar states as follows:

At present, Caterpillar is not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy any judgment in this action.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

_/s/ Bindu A. Palapura_

Bindu A. Palapura (#5370)
Alan R. Silverstein (#5066)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
bpalapura@potteranderson.com
asilverstein@potteranderson.com

James C. Yoon
Ryan R. Smith
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA  94304
Tel: (650) 493-9300
jyoon@wsgr.com
rsmith@wsgr.com

Lucy Yen
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Tel: (212) 999-5800
lyen@wsgr.com

_Attorneys for Defendant Caterpillar Inc._

Dated: October 21, 2021