**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **WIRTGEN AMERICA, INC.** | ) | |
| | ) | |
| *Plaintiff/Counterclaim-Defendant*, | ) | |
| | ) | |
| v. | ) | **C.A. No. 17-770-JDW-MPT** |
| | ) | |
| **CATERPILLAR INC.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *Defendant/Counterclaim-Plaintiff*. | ) | |

**WIRTGEN AMERICA, INC.'S MOTION TO COMPEL COMPLIANCE WITH
THIRD-PARTY SUBPOENA TO CATERPILLAR TRIMBLE CONTROL
TECHNOLOGIES LLC**

**I.     INTRODUCTION**

Wirtgen America, Inc. ("Wirtgen") seeks an order compelling third party Caterpillar Trimble Control Technologies LLC ("CTCT") to comply with a subpoena properly served over four months ago.[1] Despite repeated efforts to meet-and-confer and multiple extensions, CTCT has refused to produce even a single document from its files. Instead, CTCT asserts that any responsive materials in its possession were produced by Caterpillar and refuses to produce any documents unless Wirtgen identifies documents that are uniquely in CTCT's possession. Ex. 4 (Dec. 28 Email from L. Yen). This is not proper compliance with a subpoena by a third party, particularly one so closely affiliated with Caterpillar, Inc. ("Caterpillar"). Now, *more than four months* after service of Wirtgen's subpoena, CTCT has not produced a single document.

**II.     BACKGROUND**

CTCT is no stranger to the ongoing dispute regarding Caterpillar's infringement of Wirtgen's patented technology. CTCT was formerly involved in *Certain Road Milling Machines and Components Thereof*, Inv. No. 337-TA-1067 (the "1067 Investigation"), because of its direct role in developing machine control and guidance systems for Caterpillar's infringing machines. It actively supported Caterpillar in the parties' ongoing dispute, including by providing supportive witness testimony at the ITC evidentiary hearing. After the ITC issued a limited exclusion order, Caterpillar relied on CTCT documents in two administrative ruling requests to U.S. Customs and Border Protection ("CBP") concerning purported machine redesigns. In view of this history of involvement, Wirtgen filed and served its Notice of Subpoena to CTCT in this proceeding on September 1, 2022. *See* Ex. 1.

---

[1] Although the subpoena compels compliance in the Southern District of Ohio, CTCT has consented to this Court resolving this discovery dispute.

On September 7, 2022, Caterpillar's counsel advised that it would also be representing CTCT in connection with the subpoena. Counsel requested a 30-day extension to which Wirtgen agreed. On October 17, 2022, CTCT served initial objections and responses. *See* Ex. 2. CTCT indicated in response to *all* requests that it would produce only the documents it previously produced in the 1067 Investigation. *See, e.g.,* Ex. 2 at 5-13. It also refused to make a witness available and improperly offered to "meet-and-confer" instead. *See, e.g.,* Ex. 2 at 14-22.

The parties have held multiple meet-and-confers, exchanged numerous emails, and remain at an impasse over CTCT's refusal to produce any documents responsive to Wirtgen's subpoena. On November 22, CTCT served amended objections and responses in an apparent attempt to shore up its deficient responses. *See* Ex. 3. Yet despite promising to produce responsive documents, none have been forthcoming. On December 28, CTCT asserted that before it would produce any discovery at all, Wirtgen should first "review Caterpillar's production and inspect the source code" and then if Wirtgen "still need[ed] additional materials from CTCT that [Wirtgen] believe[s] are in [CTCT's] unique possession, [CTCT] would be open to further discussion." Ex. 4.

### III.  ARGUMENT

#### A.  Wirtgen's requests and topics are relevant to issues in this proceeding.

Wirtgen's subpoena seeks information pertaining to CTCT's relationship with Caterpillar regarding Wirtgen's patented technology, CTCT's development efforts with respect to Caterpillar's infringing cold planer machines, the CTCT personnel involved in such efforts, and technical documentation relating to the same. *See* Ex. 1. CTCT does not—and cannot—seriously contest the relevance of Wirtgen's subpoena requests and topics because it designed the very software that performs several infringing functions of Caterpillar's machines. Given its role, there is information uniquely in CTCT's possession that is directly relevant to issues of

infringement, copying, and willfulness in this case.

### B. Caterpillar improperly uses CTCT as a discovery sword and shield.

Caterpillar capitalizes upon the joint venture status of CTCT to gain an improper discovery advantage. When Caterpillar needs litigation support, it leverages its ownership interest in CTCT to acquire the information it needs. But when Wirtgen seeks discovery to prosecute its case, CTCT pretends to be an uninformed "non-party." Yet *Caterpillar* Trimble Control Technologies is a joint venture between Caterpillar and Trimble Inc., a fact that is material to its obligation to provide discovery in this case. *See, e.g., Software Rights Archive, LLC v. Google Inc.*, 2009 WL 1438249, *2 (D. Del. 2009). The fact that Caterpillar and CTCT share counsel is further evidence of their close ties. Indeed, CTCT was created in part to develop machine control and guidance systems for Caterpillar's machines. "[T]his is not a situation . . . where a non-party is burdened by a subpoena relating to litigation to which it is has no or only a peripheral interest." *Software*, 2009 WL at *2 (quotation omitted).

CTCT has actively supported Caterpillar throughout litigation with Wirtgen. In the 1067 Investigation, CTCT's Paving Industry Manager—Mark Tarvin—voluntarily testified on Caterpillar's behalf without the need for a trial subpoena. CTCT also strategically provided documentation used by Caterpillar to make various non-infringement positions throughout the parties' dispute. Given the dynamic between Caterpillar and CTCT, Wirtgen has strong reason to believe CTCT is in possession of unproduced documents relevant to the matters at issue in this case. As one concrete example, after the ITC found that Caterpillar infringed multiple Wirtgen patents, Caterpillar submitted two separate administrative ruling requests to CBP asserting that it had designed around Wirtgen's patents and sought relief from the ITC's remedial orders. Both requests were supported by documents prepared by CTCT.

Now, in this proceeding, CTCT feigns ignorance of the potentially responsive documents in its possession, offering a number of unconvincing justifications for its pretense. They blame company turnover at CTCT, claiming no one seems to know what Wirtgen has in mind. But Caterpillar relied on *new* CTCT documents before CBP only a few months ago. CTCT's continual references to the obstacles presented by the number of patents and features at issue in this proceeding similarly ring hollow. CTCT is represented by the same counsel as Caterpillar who are (1) intimately familiar with the features at issue in this case, and (2) aware that several of the patents are overlapping. Rather than evaluating and responding to each of Wirtgen's requests for production, CTCT demanded that Wirtgen identify the specific documents it needs *by title*, expecting Wirtgen to guess blindly. Wirtgen's subpoena conveyed the types of information it seeks to the best of its ability. CTCT is now "subject to the same scope of discovery under [Rule 45] as [it] would be as a party to whom a request is addressed pursuant to Rule 34." *Software*, 2009 WL at *2 (quoting Advisory Committee Note to Fed. R. Civ. Proc. 45).

### C. CTCT has not produced a single document in this proceeding.

Against this backdrop, CTCT has not produced a single document in response to Wirtgen's subpoena despite promising documents months ago. *See* Ex. 3. Nor has CTCT provided any insight regarding the nature of its search for responsive materials, thereby preventing Wirtgen from evaluating the sufficiency of CTCT's efforts to comply with the subpoena. CTCT unilaterally claims to have conducted a thorough search, and yet it has produced *nothing*. Even after indicating it would produce the previously produced documents from the 1067 Investigation, *see* Ex. 2, CTCT has not done so.[2] Even so, these outdated documents are not adequately responsive to Wirtgen's

---

[2] Documents produced by CTCT in the 1067 Investigation were produced subject to a third-party subpoena and, as a consequence, the ITC protective order prohibits their use outside of that proceeding. The protective order negotiated by the parties in this case, and entered by the Court,

4

subpoena *in this proceeding*. They were produced roughly five (5) years ago. There are substantial differences in scope between this district court action and the 1067 Investigation, including additional asserted patents, Caterpillar's "redesigned" machines, and revisions to the software CTCT developed. Curiously, however, CTCT has failed to produce any documents related to these redesign efforts.

The source code that *Caterpillar* provided for inspection does not satisfy *CTCT's* obligation to respond to Wirtgen's subpoena. The subpoena seeks several other important categories of information apart from source code, including documents that may help decipher and understand the source code. *See* Ex. 1. And even if Caterpillar has produced some documents it obtained from CTCT, "production of documents [from CTCT] is appropriate where those documents constitute a 'non-well-defined set' 'whose completeness is not readily verifiable.'" *Software*, 2009 WL at *2 (quotation omitted). In other words, (1) CTCT's separate production in the 1067 Investigation, (2) Caterpillar's history of opportunistic reliance on previously unproduced CTCT documents, and (3) Caterpillar's own insistence as a joint venture partner that CTCT is a "non-party," all suggest that CTCT maintains a unique set of responsive documents. "[C]ompleteness of discovery is more likely to be achieved" by "allowing for discovery from both" Caterpillar and CTCT. *Software*, 2009 WL at *2.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Wirtgen's motion to compel CTCT to search for and produce all non-privileged documents in CTCT's possession that are responsive to Wirtgen's Requests for Production within 14 days of resolution of Wirtgen's motion to compel.

---

acknowledges these restrictions. *See* D.I. 52 § III.F.

Dated: January 9, 2023

| | |
|---|---|
| OF COUNSEL:<br>Ryan D. Levy<br>Seth R. Ogden<br>William E. Sekyi<br>Dominic A. Rota<br>Mark A. Kilgore<br>PATTERSON INTELLECTUAL<br>PROPERTY LAW, P.C.<br>1600 Division Street, Suite 500<br>Nashville, Tennessee 37203<br>(615) 242-2400<br>*rdl@iplawgroup.com*<br>*sro@iplawgroup.com*<br>*wes@iplawgroup.com*<br>*dar@iplawgroup.com*<br>*mak@iplawgroup.com* | YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP<br><br>*/s/ Adam W. Poff*<br>Adam W. Poff (No. 3990)<br>Samantha G. Wilson (No. 5816)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>*apoff@ycst.com*<br>*swilson@ycst.com*<br><br><br>*Attorneys for Wirtgen America, Inc.* |

  *- and -*

Daniel E. Yonan
Paul A. Ainsworth
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Ave., NW, Suite 600
Washington, DC 20005
(202) 371-2600
*dyonan@sternekessler.com*
*painsworth@sternekessler.com*

**CERTIFICATION PURSUANT TO D. DEL. LR 7.1.1**

Pursuant to Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, I hereby certify that the parties have made good faith, reasonable efforts to resolve the matters set forth in this motion, but were unable to do so. These efforts include considerable written correspondence on the subjects of this motion. These efforts also include multiple meet and confer teleconferences where counsel for the parties verbally communicated to try to resolve the matters set forth in this motion, one of which involved Delaware counsel for both parties.

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)