# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WIRTGEN AMERICA, INC.**           )<br>                                                          )<br>    *Plaintiff/Counterclaim-Defendant,*  )<br>                                                          )<br>    v.                                              )<br>                                                          )<br>**CATERPILLAR INC.**                     )<br>                                                          )<br>    *Defendant/Counterclaim-Plaintiff.* ) | **C.A. No. 17-770-JDW** |

---

**WIRTGEN AMERICA, INC.'S MOTION TO COMPEL THE PRODUCTION OF
DOCUMENTS RELATED TO PREVIOUSLY UNDISCLOSED DEFENSE(S)**

---

Wirtgen America, Inc. seeks an order compelling Caterpillar Inc. to produce documents and things related to Caterpillar's newly asserted defense(s) against induced and/or willful infringement. Specifically, during summary judgment briefing Caterpillar stated for the first time in this case that the company had a good-faith belief of non-infringement based on alleged personal beliefs held by one of its employees, Mr. Eric Engelmann. Caterpillar has refused to produce discovery related to this good-faith belief, despite such information being responsive to discovery requests. Wirtgen requests that the Court compel Caterpillar to produce all documents and things supporting (and undermining) the arguments it intends to make and the testimony it intends to elicit at trial through Mr. Engelmann—or any other employee—that Caterpillar had a good faith belief of non-infringement as a defense to indirect or willful infringement.

I.   **BACKGROUND**

Wirtgen served its first set of discovery requests to Caterpillar on September 20, 2021. Those discovery requests included the production of all documents and things that would reflect any good-faith belief of non-infringement regarding any of Wirtgen's asserted patents. *See, e.g.*, Ex. A (highlighting RFPs 11, 25, 64, and 65). In response, Caterpillar vaguely averred that it would produce responsive non-privileged documents in its possession. *See id.*

During depositions, Wirtgen continued to seek discovery regarding whether Caterpillar believed it had a good-faith belief of non-infringement. These efforts included asking Mr. Engelmann about any non-infringement belief. Mr. Engelmann testified that he had personal views on how the accused machines compared to the patents, but that those views were *his own* and not those of the company. Ex. B at 279:8-282:8. He testified that any non-infringement analysis for the company would be done by the legal team (not him): "I personally don't form those opinions. I rely on our legal team at Caterpillar in the intellectual property department to help with those determinations." *Id.* at 279:13–16. He was then asked to clarify: "Is it your

1

testimony that you personally have never formed an opinion with respect to infringement or noninfringement of the '641 patent?" *Id.* at 279:21–280:2. He confirmed: "I rely on our legal team to determine and make those decisions." *Id.* at 280:5–6. Caterpillar's attorneys claimed privilege and instructed Mr. Engelmann not to reveal Caterpillar's legal team's infringement analysis. *See id.* at: 278:18–282:2. As discussed below, Wirtgen has reason to believe that Caterpillar has withheld from production, under a claim of privilege, documents in Mr. Engelmann's possession that reflect Caterpillar's legal team's infringement analysis.

Then, on October 19, 2023 in its summary judgment opposition, Caterpillar—for the first time—revealed that it would elicit testimony from Mr. Engelmann regarding *Caterpillar's* good-faith belief of non-infringement. *See* D.I. 239, Caterpillar MSJ Opp. Br. at 17. As noted above, Mr. Engelmann unequivocally testified that while he may have his own personal views those views are his and his alone and any good-faith belief of non-infringement by Caterpillar the company would come from Caterpillar's legal team, not him. *See*, Ex. B at 278:18–282:8.

But Caterpillar has refused to provide discovery into Caterpillar's legal team's infringement analysis. In fact, Caterpillar withheld documents relevant to this very issue during discovery, obstructing Wirtgen's ability to challenge Caterpillar's non-infringement position or its good faith. *Contra* D.I. 239 at 18. For example, in July 2023, Caterpillar clawed back a PowerPoint document beginning with Bates number CAT_00007715 on the basis of privilege. *See* Ex. C, July 13, 2023 Ltr. from J. Yoon to P. Ainsworth. During its clawback, Caterpillar indicated that this PowerPoint was authored by and in the custody of Mr. Engelmann. *See id.* Caterpillar also stated that the document reflects the "provision of legal advice from Asha Mehrotra (Caterpillar in-house counsel) and Tim Parker (Caterpillar in-house counsel)." *See id.* at 1. The document includes analysis of the '641 patent. *See, e.g.*, D.I. 266-06, CAT-770_092522 (reproduced 1-page excerpt of the clawed-back CAT_00007715 PowerPoint).

2

It therefore appears that there are relevant documents in Caterpillar's (and Mr. Engelmann's) possession reflecting the substance, basis, and timing of Caterpillar's infringement beliefs. These documents would be admissible for assessing the veracity of any trial testimony Caterpillar elicits in that regard, especially since Mr. Engelmann testified that he relies entirely on Caterpillar's legal team to make those determinations. Caterpillar has not, however, produced these documents. Nor has Caterpillar justified withholding them in view of its recently stated intention to argue at trial that Caterpillar had a good-faith belief of non-infringement.

Wirtgen reached out to Caterpillar regarding the inappropriateness of introducing a new defense (1) that was not previously disclosed, (2) for which Caterpillar refused to produce related documents, and (3) that relies on the opinion testimony of a witness who has disclaimed forming this opinion and would not be competent to give it. *See* Ex. D. At the very least, Wirtgen requested that Caterpillar produce all documents and evidence supporting and/or contradicting any alleged good-faith belief of non-infringement. *See id*. at 6–7. Caterpillar refused. *See id.* at 1.

The parties met and conferred on November 13, 2023, and exchanged several rounds of correspondence since then in an attempt to resolve this dispute. Wirtgen explained that Mr. Engelmann attributed Caterpillar's beliefs regarding infringement to attorneys and refused to answer questions about them. If Caterpillar now wants to offer testimony about these beliefs to the jury, then it must produce all evidence that both supports and undermines the alleged good-faith belief. Caterpillar continued to refuse to produce any such evidence, saying that any motion compelling such evidence would be untimely. The timing of this motion, however, is a result of Caterpillar's belated introduction of a new defense based on an undisclosed factual position. It was filed promptly after it became clear the parties had reached an impasse on the issue.

## II.     ARGUMENT

While there is no affirmative obligation to obtain or produce an opinion of counsel to

3

show that an infringer's activities were done in good faith, a defendant who chooses to avail himself of such a defense must produce competent evidence to substantiate his claim. *See, e.g.*, *Crane Security Techs., Inc. v. Rolling Optics AB*, 337 F. Supp. 3d 48, 58–59 (D. Mass. 2018) ("[T]he opinions of [infringer's co-founder], who is not a lawyer and has no expertise in U.S. patent law, alone could not have supported a good faith belief by [infringer] that [patentee's] patents were invalid or that [accused infringer's] products did not infringe [patentee's] patents.").

Here, Mr. Engelmann is neither qualified to opine on questions of infringement, nor did he ever purport to conduct such an analysis on behalf of Caterpillar. *Cf. Dominion Res. Inc. v. Alstom Grid, Inc.*, 2016 WL 5674713, at *22 (E.D. Pa. 2016) ("Alstom's belief it did not infringe because the AMI functionality within the LVM module is housed in the 'model-based system' DMS is based entirely on the opinion of people without expertise in reading patent claims. On balance, it is not a good faith belief in non-infringement."), *vacated on other grounds in* 725 Fed. Appx. 980 (Fed. Cir. 2018). Mr. Engelmann's personal beliefs, therefore, do not amount to any good faith belief by *Caterpillar*. Indeed, Mr. Engelmann himself admitted this, and attributed any beliefs Caterpillar has about infringement to the legal team. Ex. B at 279:13–280:2.

Caterpillar cannot have its cake and eat it too. If it wishes to present testimony from Mr. Engelmann to support a good-faith belief of non-infringement, then it cannot hold back information that Mr. Engelmann produced or received relating to that belief. Moreover, to the extent Mr. Engelmann was privy to advice from counsel relating to his purported belief, Caterpillar's reliance on Mr. Engelmann's beliefs necessarily waives the associated attorney-client privilege. *See Affinion Net Pats., Inc. v. Maritz, Inc.*, 440 F. Supp. 2d 354, 357 (D. Del. 2006) ("[T]o the extent Defendant relies upon an opinion of counsel as a defense to willful infringement, information related to the opinion is discoverable[.]") (citing *In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1303 n. 4 (Fed. Cir. 2006)). The testimony Caterpillar wishes

4

to elicit from Mr. Engelmann (or anyone else) regarding Caterpillar's alleged good-faith belief of non-infringement thus waives the attorney-client privilege over any documents supporting or contradicting that good-faith belief. *See id.*

Finally, there is no other theory or legal justification pursuant to which Mr. Engelmann could testify about an alleged good-faith belief of non-infringement that would not invoke an advice-of-counsel defense. For instance, Mr. Engelmann could not simply testify that he believes in the merits of Caterpillar's litigation defense as the basis for a good-faith belief of non-infringement. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016) (holding that having a reasonable litigation defense is not necessarily defense to willfulness as the state of mind relevant to willfulness is measured at the time of the allegedly infringing conduct). For that reason, "[g]eneral knowledge of . . . the positions being advocated in [litigation proceedings], does not equate to actual, subjective belief by [accused infringer] in the invalidity and/or noninfringement of asserted patent claims." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, 2018 WL 5631531, at *1 (D. Del. 2018).

### III. CONCLUSION

Caterpillar cannot offer testimony suggesting that it had a good-faith belief of non-infringement, while withholding all evidence that corroborates or disproves that testimony. It likewise cannot offer testimony that one of its employees had a *personal* belief of non-infringement and suggest that this *personal* belief should be imputed to Caterpillar when the record is clear that (1) it never was and (2) any infringement belief by Caterpillar would have come from Caterpillar's legal team, not Mr. Engelmann. The Court should grant Wirtgen's motion to compel, including documents in Mr. Engelmann's possession reflecting Caterpillar's legal team's analysis and conclusions relating to infringement of Wirtgen America's patents.

Dated: December 26, 2023

| | |
|---|---|
| OF COUNSEL:<br>Ryan D. Levy<br>Seth R. Ogden<br>William E. Sekyi<br>Dominic A. Rota<br>Mark A. Kilgore<br>PATTERSON INTELLECTUAL<br>PROPERTY LAW, P.C.<br>1600 Division Street, Suite 500<br>Nashville, Tennessee 37203<br>(615) 242-2400<br>*rdl@iplawgroup.com*<br>*sro@iplawgroup.com*<br>*wes@iplawgroup.com*<br>*dar@iplawgroup.com*<br>*mak@iplawgroup.com* | YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP<br><br>*/s/ Adam W. Poff*<br>Adam W. Poff (No. 3990)<br>Samantha G. Wilson (No. 5816)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>*apoff@ycst.com*<br>*swilson@ycst.com*<br><br>*Attorneys for Wirtgen America, Inc.* |

  *- and -*

Daniel E. Yonan
Paul A. Ainsworth
STERNE, KESSLER, GOLDSTEIN & FOX PLLC
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600
*dyonan@sternekessler.com*
*painsworth@sternekessler.com*

6

**CERTIFICATION PURSUANT TO D. DEL. LR 7.1.1**

Pursuant to Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, I hereby certify that the parties have made good faith, reasonable efforts to resolve the matters set forth in this motion, but were unable to do so. These efforts include considerable written correspondence on the subjects of this motion. These efforts also include meet and confer teleconferences where counsel for the parties verbally communicated to try to resolve the matters set forth in this motion, one of which involved Delaware counsel for both parties.

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)