IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WIRTGEN AMERICA, INC.,**<br><br>    *Plaintiff,*<br><br>v.<br><br>**CATERPILLAR, INC.,**<br><br>    *Defendant.* | Case No. 1:17-cv-00770-JDW |

### MEMORANDUM

In our legal system, we resolve disputes with trials. Cross-examination at trial animates the truth-seeking function. I conducted a trial in this case, in part to a jury and in part to me. When the jury trial concluded, the Parties told me that they were done presenting evidence, even though I still had to resolve certain equitable defenses. In posttrial briefing about those equitable defenses, Caterpillar, Inc. has submitted new evidence, in the form of expert declarations. But it's too late for new evidence. Caterpillar hasn't shown a basis for me to reopen the record (or even asked). Even if it could make such a showing, the declarations that it offers would not be admissible, for several reasons. I will therefore grant the motion to strike those declarations that Wirtgen America, Inc. filed.

### I.    BACKGROUND

At the final pretrial conference in this case, I ruled that Caterpillar's equitable defenses were issues for me to resolve, not the jury. I presided over an eight-day jury

trial that concluded on February 22, 2024. The jury found that Caterpillar infringed certain of Wirtgen's patents.

Following the verdict, I asked Caterpillar if there was "still more evidence … to present" on its equitable defenses. (Trial Tr. 2275:22-24.) Caterpillar told me it didn't think it needed to present any further evidence but reserved its right to "double check." (*Id.* 2275:25 – 2276:7.) I instructed the Parties to "talk about what additional time you need with me, whether that [is] we need another hearing … [or] briefing" and gave them two weeks to file proposed schedules. (*Id.* 2276:16-19.) On March 8, 2024, Caterpillar filed its proposed briefing schedule, making no mention of an evidentiary hearing. (D.I. 347.) In light of the Parties' proposals, I did not schedule an evidentiary hearing on any post-trial issue.

When Caterpillar filed its Motion Regarding Estoppel Defenses, it appended two declarations—one from Dr. Andrew W. Smith and one from Dr. Richard W. Klopp. (D.I. Nos. 367, 368.) When Wirtgen responded to Caterpillar's motion, it filed a motion to strike those declarations. Caterpillar replied, and the Motion is ripe for disposition.

II.     ANALYSIS[1]

   A.     Re-Opening The Record

Caterpillar's submission of the two declarations would have me reopen the record to admit additional evidence. The decision to reopen the record following a trial is in the "sound discretion" of the judge. *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 331 (1971). But that determination must avoid "perpetuating any type of injustice." *Gibson v. Mayor & Council of City of Wilmington*, 355 F.3d 215, 229 (3d Cir. 2004). In the Third Circuit, "[i]n determining whether an 'injustice' will occur, the district court must consider several factors, including the burden that will be placed on the parties and their witnesses, the undue prejudice that may result from admitting or not admitting the new evidence, and considerations of judicial economy." *Id.* Prejudice will occur "if the timing

---

[1] The Federal Circuit applies regional circuit law to procedural questions that are not themselves substantive patent law issues so long as they do not (A) pertain to patent law, (B) bear an essential relationship to matters committed to the Federal Circuit's exclusive control by statute, or (C) clearly implicate the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001). Wirtgen captions its motion a "Motion to Strike." Those semantics create some confusion, both in this case and others. Federal Rule of Civil Procedure 12(f) provides for motions to strike certain material from a pleading. *See* Fed. R. Civ. P. 12(f). That rule applies only to certain types of pleadings, not including the expert declarations at issue in this Motion. But courts can entertain motions to strike beyond what Rule 12(f) provides. "[F]ederal judges have the inherent power to manage cases that come before them[.]" *Williams v. Guard Bryant Fields*, 535 F. App'x 205, 212 (3d Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). That includes entertaining motions that a party captions a motion to strike but that are different in kind than the motions that Rule 12(f) contemplates.

of the reopening will deprive [the opposing party] of a reasonable opportunity to respond to new evidence." *Bistrian v. Levi*, 448 F. Supp. 3d 454, 484 (E.D. Pa. 2020).

Caterpillar did not seek leave to supplement the record with two new expert declarations following trial despite having had ample opportunity to do so. It knew from at least the final pretrial conference that I would make factual determinations about the equitable defenses. At trial, it didn't present evidence concerning those defenses. Then, when I asked it whether it needed an opportunity to present additional evidence, it declined. Now, when it turns out that Caterpillar needs to present additional evidence, it submitted the two declarations without asking for permission and it is now in the position of begging for forgiveness.

Under the circumstances, Caterpillar has not shown a basis for me to reopen the record. *First*, it would impose a substantial burden on the Parties and the witnesses. As things stand now, Caterpillar would submit trial evidence—the two declarations— without permitting Wirtgen to cross-examine the witnesses. That's unfair to Wirtgen. *See, e.g.*, *Coda Dev. s.r.o. v. Goodyear Tire & Rubber Co.*, 667 F. Supp. 3d 567, 574 (N.D. Ohio 2023). Also, in fairness to Wirtgen, I would have to permit Wirtgen to have expert witnesses testify in rebuttal. Getting those experts lined up and prepared imposes a cost. *Second*, permitting Caterpillar to reopen the record would result in substantial prejudice to Wirtgen. Reopening the record, and permitting all the curative steps necessary, would delay the case at a time that Wirtgen is seeking an injunction. Permitting Caterpillar to

delay the case, and a reckoning on Wirtgen's injunction request, would prejudice Wirtgen.

*Third*, and finally, it would be inefficient to reopen the record. It would delay the resolution of a case in which the trial ended six months ago. It also impedes me. It will slow me down, and my memory of trial will inevitably fade. In addition, to make factual findings, I need to make credibility determinations. I can't do so based on written declarations. I therefore conclude that reopening the record would be unjust and unfair.

### B. Admissibility Of Declarations

Even if Caterpillar had shown a basis to reopen the record, it still has not demonstrated that I could or should consider the two expert declarations. As a starting point, they are hearsay: statements made out of court offered to me to prove the truth of the statement. *See* Fed. R. Evid. 801(c). No exception applies. And, while I can relax the rules of evidence during a bench trial, there's no reason for me to do so when the effect is to deprive Wirtgen of the opportunity to cross-examine Drs. Smith and Klopp about the opinions in their declarations.

I note that the Parties briefed this issue as a motion to exclude expert testimony pursuant to Federal Rule of Civil Procedure 37(c)(1). That Rule excludes previously undisclosed expert testimony from being used as "evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Rule 37 is a pre-trial discovery rule. It requires that parties disclose expert

opinions to one another to prevent trial by surprise. *See, e.g.*, *Power v. Hewlett-Packard Co.*, No. 2:17-CV-00154, 2021 WL 1310422, at *4 (W.D. Pa. Apr. 8, 2021) (discussing the aim of Rule 26).

The issue here is different. Whether Caterpillar disclosed these opinions to Wirtgen during discovery is beside the point. What matters is if the opinions contained in Drs. Smith and Klopp's declarations are in the record or may now be added to the record. If they are in the record, Caterpillar may rely on those opinions in its proposed findings of fact and I may, in my discretion, choose to adopt those facts. *See* FED. R. CIV. P. 52(a)(1).

In other words, contrary to how Wirtgen styled its Motion, nothing is being struck or taken away. Rather, with trial in the rearview mirror, I have discretion to decide if something now gets *added*. Because that supplementation would prejudice Wirtgen and slow down the case, I won't allow it.

## III. CONCLUSION

If Caterpillar had more evidence that it thought it needed to present, it should have told me that when I asked. It didn't. Instead, it tried to jam additional evidence into the record without permission and without giving Wirtgen an opportunity to address the evidence or cross-examine the witnesses. That's not how trials work, and I won't permit Caterpillar to do so. I will therefore grant Wirtgen's Motion and strike the declarations of Drs. Smith and Klopp. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

August 19, 2024